**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| IESHA COLE, | ) |
| | ) |
| Plaintiff, | ) Case No: 4:26-cv-578 |
| | ) |
| v. | ) Hon. Joshua M. Divine |
| | ) |
| CAPITAL ONE, N.A.; EQUIFAX | ) |
| INFORMATION SERVICES LLC; | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC.; and TRANS UNION, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CAPITAL ONE, N.A.'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Capital One, N.A. ("Capital One"), by counsel, states as its Answer to

Plaintiff's Complaint, as follows:

**INTRODUCTION**

1.     This is an action for damages brought by an individual consumer against the
Defendants Capital One, N.A., Equifax Information Services LLC, Experian Information
Solutions, Inc., and Trans Union, LLC for violations of the Fair Credit Reporting Act
("FCRA") 15 U.S.C. §1681 *et seq.*

**ANSWER**:     Capital One admits that Plaintiff asserts claims under the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* Capital One denies the remaining

allegations of this paragraph.

2.     Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

**ANSWER**:     Capital One admits that this Court has subject matter jurisdiction pursuant

to 28 U.S.C. § 1331. Capital One denies the remaining allegations of this paragraph.

3.     Venue lies properly in this district under 28 U.S.C. §1391(b).

**ANSWER**:    Capital One admits that, based on the allegations of the Complaint, venue in this District is proper.

4.    Plaintiff is a citizen of the State of Missouri.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

5.    Defendant Capital One is a National Bank.

**ANSWER**:    Capital One admits the allegations of this paragraph.

6.    Defendant Capital One was and is engaged in the business of extending consumer credit cards and reporting consumer credit information, within the State of Missouri.

**ANSWER**:    Capital One admits that as part of its business, it extends consumer credit and, at times, reports consumer credit information for consumers within the State of Missouri. Capital One denies the remaining allegations of this paragraph.

7.    Defendant Equifax Information Systems LLC ("Equifax") is a Georgia Limited Liability Company.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

8.    Defendant Equifax was and is engaged in the business of credit reporting, within the State of Missouri.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

9.    Defendant Trans Union LLC ("Trans Union") is an Illinois corporation.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

2

10.     Defendant Trans Union was and is engaged in the business of credit reporting, within the State of Missouri.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

11.     Defendant Experian Information Solutions Inc. ("Experian") is a Delaware corporation.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

12.     Defendant Experian was and is engaged in the business of credit reporting, within the State of Missouri.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

## FACTS COMMON TO ALL COUNTS

13.     On or about April 5, 2023, Plaintiff's wallet was stolen, which included medical insurance cards, two Capital One credit cards, her driver's license, and other forms of identification.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

14.     After the theft, an unknown individual used Plaintiffs credit cards issued by Defendants Capital One Bank.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

15.     The thief ran up unauthorized charges which resulted in a fraudulently inflated balance on Plaintiff's credit cards.

**ANSWER**:   Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

16.   The fraudulently inflated balance inaccurately reported Plaintiff's credit balance, her obligations on her credit cards, and inflated her credit utilization ratio.

**ANSWER**:   Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the allegedly "inflated balance . . . inflated [Plaintiff's] credit utilization ratio." Capital One denies the remaining allegations of this paragraph.

17.   Defendant Capital One Bank began reporting an adverse account information, including a balance that was the product of identity theft and fraud, on Plaintiff's credit reports with Defendants Equifax, Experian, and Trans Union.

**ANSWER**:   Capital One denies the allegations of this paragraph.

18.   This adverse reporting was not accurate because the account was a product of identity theft.

**ANSWER**:   Capital One denies the allegations of this paragraph.

19.   Plaintiff Iesha Cole has not received any material benefit from the unauthorized charges.

**ANSWER**:   Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

20.   Plaintiff Iesha Cole reported fraud to law enforcement.

**ANSWER**:   Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

21.   Plaintiff made multiple disputes to Defendants Equifax, Experian, and Trans Union, indicating that the account with Capital One was the product of identity theft.

**ANSWER**:   Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

4

22.    Plaintiff included both a police report and an FTC Identity Theft Report in the disputes to Defendants Equifax, Experian, and Trans Union.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

23.    Plaintiff disputed the inaccurate adverse credit reporting with Defendants Equifax, Experian, and Trans Union multiple times.

**ANSWER**:    Capital One denies that it furnished "inaccurate adverse credit reporting." Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

24.    Despite Plaintiff's disputes, Defendants Equifax, Experian, and Trans Union failed to properly investigate the disputes and delete or correct the inaccurate adverse information.

**ANSWER**:    Capital One denies that it furnished "inaccurate adverse information." Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

25.    Upon information and belief, Defendants Equifax, Experian, and Trans Union contacted Capital One as part of the investigations that resulted in the credit reporting remaining on Plaintiff's credit reports.

**ANSWER**:    Capital One admits that Experian and Trans Union contacted Capital One concerning Plaintiff's disputes related to her accounts. Capital One denies that Equifax contacted Capital One concerning Plaintiff's disputes related to her accounts. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies them.

26.    Plaintiff's creditors and potential creditors have accessed Plaintiffs reports while the misreporting was on the credit reports and were misinformed by Defendants about Plaintiff's credit worthiness.

**ANSWER**:    Capital One denies that "Plaintiff's creditors and potential creditors . . . were

misinformed by [Capital One] about Plaintiff's credit worthiness." Capital One lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of this paragraph and, on that basis, denies them.

27.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's
credit repayment history, and Plaintiff's financial responsibility as a debtor and Plaintiff's
credit worthiness.

**ANSWER**:    Capital One denies the allegations of this paragraph.

28.    Defendants have intruded upon Plaintiff's right to seclusion and invaded
Plaintiff's privacy by reporting false and derogatory information on Plaintiff's credit
reports for accounts and/or loans that Plaintiff does not owe. This invasion forces Plaintiff
to take efforts to correct their name.

**ANSWER**:    Capital One denies the allegations of this paragraph.

### COUNT I
### Violations of the Fair Credit Reporting Act
### Defendants Equifax, Experian, and Trans Union

The allegations of Count I are not directed against Capital One, therefore no answer

is required.

### COUNT II
### Violations of the Fair Credit Reporting Act
### Defendant Capital One

Comes now Plaintiff and for Count II against Defendant Capital One and states and
alleges to the Court:

29.    Plaintiff incorporates the foregoing paragraphs as though the same were set
forth at length herein.

**ANSWER**:    Capital One restates and incorporates its answers to the above paragraphs

as though fully set forth herein.

30.     Upon information and belief, the Defendants Equifax, Experian, and Trans Union reported to the Defendant Capital One that Plaintiff disputed the charge-off, delinquency and false credit reporting.

**ANSWER**:     Capital One admits that Experian and Trans Union contacted Capital One

concerning Plaintiff's disputes related to her accounts. Capital One denies that Equifax

contacted Capital One concerning Plaintiff's disputes related to her accounts. Capital One

denies that its "credit reporting" is "false." Capital One lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of this paragraph

and, on that basis, denies them.

31.     Despite receipt of the disputes, Defendant Capital One failed to respond with truthful information, failed to acknowledge the disputes, and/or repeatedly reported false, and derogatory information to Defendants Equifax, Experian, and Trans Union, all in violation of the Act.

**ANSWER**:     Capital One denies the allegations of this paragraph.

32.     According to Defendants Equifax, Experian, and Trans Union's credit reports for Iesha Cole, the Defendant Capital One continued to falsely report about Plaintiff after the disputes.

**ANSWER**:     Capital One denies that it "continued to falsely report about Plaintiff after

the disputes." Capital One lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph and, on that basis, denies them.

33.     Defendant Capital One has likewise willfully or negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

**ANSWER**:     Capital One denies the allegations of this paragraph.

34.     Rather, Defendant Capital One continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about Plaintiff, as described more above.

**ANSWER**:      Capital One denies the allegations of this paragraph.

35.      Plaintiff is informed and thereon believes that Defendant Capital One failed to investigate or reinvestigate regarding consumer credit data it reported and repeatedly re-reported about Plaintiff.

**ANSWER**:      Capital One denies the allegations of this paragraph.

36.      Plaintiff is informed and thereon believes that Defendant Capital One failed to review all relevant information provided to it by Defendants Equifax, Experian, and Trans Union.

**ANSWER**:      Capital One denies the allegations of this paragraph.

37.      Defendant Capital One, furnisher-subscriber (creditor and collector) failed to acknowledge and respond with truthful information in response to Plaintiffs disputes and to advise the Defendants Equifax, Experian, and Trans Union of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiff.

**ANSWER**:      Capital One denies the allegations of this paragraph.

38.      The conduct of Defendant Capital One was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages, and harm to the Plaintiff and Defendants are liable to the Plaintiff for statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

**ANSWER**:      Capital One denies the allegations of this paragraph.

**COUNT III**
**Violations of R.S.Mo. 4570.223**
**Defendant Capital One, N.A.**

COMES NOW Plaintiff and for Count III against Defendant Capital One, N.A. and states and alleges to the Court:

51.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**:   Capital One restates and incorporates its answers to the above paragraphs as though fully set forth herein.

52.   R.S.Mo. §570.223 provides that "a person commits the offense of identity theft if he or she knowingly and with the intent to deceive or defraud obtains, possesses, transfers, uses, or attempts to obtain, transfer or use, one or more means of identification not lawfully issued for his or her use."

**ANSWER**:   The allegations of this paragraph contain a legal conclusion to which no answer is required. To the extent an answer is required, Capital One denies the allegations to the extent they are inconsistent with existing law.

53.   R.S.Mo. §570.223.6 allows for civil actions to be brought within five years from the date on which the identity of the wrongdoer was discovered or reasonably should have been discovered.

**ANSWER**:   The allegations of this paragraph contain a legal conclusion to which no answer is required. To the extent an answer is required, Capital One denies the allegations to the extent they are inconsistent with existing law.

54.   R.S.Mo. §570.223.4 states that in addition to the criminal penalties in subsections 2 and 3 of this section, any person who commits an act made unlawful by subsection 1 of this section shall be liable to the person to whom the identifying information belonged for civil damages of up to five thousand dollars for each incident, or three times the amount of actual damages, whichever amount is greater.

**ANSWER**:   The allegations of this paragraph contain a legal conclusion to which no answer is required. To the extent an answer is required, Capital One denies the allegations to the extent they are inconsistent with existing law.

55.   Because Defendant Capital One N.A. is passing on a demand for Plaintiff to pay thousands of dollars that it was tricked into loaning an identity thief, reporting that amount due on Plaintiff's credit reports, and retaining a third-party debt collector to coerce Plaintiff into paying a fraudulent debt, Plaintiff is damaged.

**ANSWER**:      Capital One denies the allegations of this paragraph.

56.      R.S.Mo. §570.223.4 further provides that a person damaged as set forth in subsection 1 of this section may also institute a civil action to enjoin and restrain future acts that would constitute a violation of subsection 1 of this section.

**ANSWER**:      The allegations of this paragraph contain a legal conclusion to which no answer is required. To the extent an answer is required, Capital One denies the allegations to the extent they are inconsistent with existing law.

57.      R.S.Mo. §570.223.4 also provides that in an action brought under this subsection, the Court may award reasonable attorneys' fees to the plaintiff.

**ANSWER**:      The allegations of this paragraph contain a legal conclusion to which no answer is required. To the extent an answer is required, Capital One denies the allegations to the extent they are inconsistent with existing law.

58.      Defendant Capital One N.A. is in possession of Plaintiff's personal identifiers and used such identifiers to issue a loan in Plaintiff's name to an identity thief and thereafter is holding Plaintiff responsible for the fraudulently obtained account.

**ANSWER**:      Capital One denies the allegations of this paragraph.

59.      Defendant Capital One N.A. is attempting to collect thousands of dollars from Plaintiff after being informed that Defendant Capital One N.A. is in possession of Plaintiff's personal identifiers that were not lawfully issued by Plaintiff.

**ANSWER**:      Capital One denies the allegations of this paragraph.

60.      Therefore, Defendant Capital One N.A. is knowingly using Plaintiff's unlawfully obtained personal identifiers to attempt to collect the balance of the fraudulent loan from Plaintiff.

**ANSWER**:      Capital One denies the allegations of this paragraph.

61.      Defendant Capital One N.A.'s behavior does not fall within any of the exceptions of R.S.Mo. §570.223.8, specifically (2) A person obtains means of identification or information in the course of a bona fide consumer or commercial transaction or (3) A

person exercises, in good faith, a security interest or right of offset by a creditor or financial institution, because Defendant Capital One N.A. is aware of the fraud and aiding in it by demanding payment and attempting to enforce the fraudulent account.

**ANSWER**:     Capital One denies the allegations of this paragraph.

62.     Defendant Capital One N.A. is therefore liable to Plaintiff for three times the amount of Plaintiff's actual damages, plus reasonable attorneys' fees.

**ANSWER**:     Capital One denies the allegations of this paragraph.

63.     Defendant Capital One N.A. should be enjoined and restrained from future collection attempts, including, but not limited to reporting the amount as due and delinquent to credit reporting agencies.

**ANSWER**:     Capital One denies the allegations of this paragraph.

WHEREFORE, Defendant Capital One, N.A. respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice or, alternatively, enter an award in Capital One's favor and against Plaintiff, award Capital One its costs of suit and attorneys' fees, and award Capital One any other further relief that the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Defendant Capital One, N.A. ("Capital One"), by counsel, states as its Affirmative Defenses to Plaintiff's Complaint, as follows:

1.     Plaintiff's claims are barred, in whole or in part, under Article III of the United States Constitution because Plaintiff has not suffered any injury-in-fact sufficient to give her standing to bring this suit.

2.     To the extent Plaintiff suffered any actual damages, which Capital One denies, then Plaintiff's claims are subject to the defense of failure to mitigate.

3.      To the extent Plaintiff suffered any actual damages, which Capital One denies, such damages were not directly or proximately caused by Capital One, but rather by an intervening or superseding cause, or by the acts or omissions of another person, entity, or Plaintiff herself, for who or for which Capital One is not responsible.

4.      In the event Capital One is deemed liable, which Capital One expressly denies, then Capital One is entitled under the doctrine of setoff and/or recoupment to offset any and all amounts Plaintiff may owe to Capital One against any judgment that may be entered against Capital One.

5.      Capital One is entitled to each and every defense stated in the Fair Credit Reporting Act, including any and all limitations of liability.

6.      The information Capital One furnished concerning Plaintiff was and is accurate or, alternatively, Capital One had reasonable cause to believe that the information was and is accurate; therefore, Plaintiff cannot state a claim under the FCRA.

7.      Capital One conducted reasonable investigations with respect to Plaintiff's credit reporting disputes; therefore, Plaintiff cannot state a claim under the FCRA.

8.      Plaintiff's credit reporting disputes concern information that is not objectively and readily verifiable; therefore, Plaintiff cannot state a claim under the FCRA.

9.      Plaintiff's state law claims are preempted, in whole or in part, by the FCRA.

10.     Any act or omission by Capital One was not done with any malice, intent, willfulness, or knowledge necessary to support an award of punitive damages against Capital One.

12

11.     An award of punitive damages against Capital One would violate Capital One's constitutional rights under the United States Constitution, including the Due Process Clauses of the Fifth and Fourteenth Amendments.

WHEREFORE, Defendant Capital One, N.A. respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice or, alternatively, enter an award in Capital One's favor and against Plaintiff, award Capital One its costs of suit and attorneys' fees, and award Capital One any other further relief that the Court deems just and equitable.

Respectfully submitted,

CAPITAL ONE, N.A.

By: /s/ Ke Liu
One of its attorneys

Jeff Pilgrim
Ke Liu
Pilgrim Christakis LLP
One South Dearborn Street, Suite 1420
Chicago, Illinois 60603
Ph. 312-445-0488
jpilgrim@pilgrimchristakis.com
kliu@pilgrimchristakis.com

## CERTIFICATE OF SERVICE

Ke Liu, an attorney, certifies that on June 4, 2026, he electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will notify all counsel of record.

/s/ Ke Liu