**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| IEASHA COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | Case No. 4:26-cv-00578-JMD |
| | ) | |
| CAPITAL ONE, N.A., EQUIFAX | ) | |
| INFORMATION SERVICES LLC; | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC.; and TRANS UNION LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW, Experian Information Solutions, Inc. ("Experian"), one of the Defendants herein, by and through its counsel of record, and hereby files its Answer and Defenses to Plaintiff Iesha Cole's Complaint.

By adopting the headings set forth in the Complaint for organizational purposes only, Experian does not admit any of the allegations set forth herein.

The paragraph numbers below correspond to the paragraph numbers contained in the Complaint, to the extent possible.

**INTRODUCTION**

1.      This is an action for damages brought by an individual consumer against the Defendants Capital One, N.A., Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq*.

**ANSWER:**    In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state a claim under the FCRA.  However, Experian denies that it has violated

the FCRA and denies, generally and specifically, each and every remaining allegation therein. Experian further states that the FCRA speaks for itself.

2.      Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

**ANSWER:**   In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged that jurisdiction arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Experian states that this is a legal conclusion, which is not subject to denial or admission.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation therein.

3.      Venue lies properly in this district under 28 U.S.C. §1391(b).

**ANSWER**:   In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged venue lies properly in this district pursuant to 28 U.S.C. § 13691(b).  Experian states that this is a legal conclusion, which is not subject to denial or admission.  Experian further admits that it is qualified to do business and conducts business in the State of Missouri.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that pertains to Experian.  As to the remaining allegations in this paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.      Plaintiff is a citizen of the State of Missouri.

**ANSWER**:   In response to paragraph 4 of the Complaint, Experian admits, upon information and belief, that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

5.      Defendant Capital One is a National Bank.

**ANSWER:**    In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      Defendant Capital One was and is engaged in the business of extending consumer credit cards and reporting consumer credit information, within the State of Missouri.

**ANSWER:**    In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.      Defendant Equifax Information Systems LLC ("Equifax") is a Georgia Limited Liability Company.

**ANSWER:**    In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      Defendant Equifax was and is engaged in the business of credit reporting, within the State of  Missouri.

**ANSWER**:    In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      Defendant Trans Union LLC ("Trans Union") is an Illinois corporation.

**ANSWER**:    In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

10.    Defendant Trans Union was and is engaged in the business of credit reporting, within the State of Missouri.

**ANSWER**:    In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

11.    Defendant Experian Information Solutions Inc. ("Experian") is a Delaware corporation.

**ANSWER**:    In response to paragraph 11 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian further admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

12.    Defendant Experian was and is engaged in the business of credit reporting, within the State of Missouri.

**ANSWER**:    In response to paragraph 12 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 12 of the Complaint.

**FACTS COMMON TO ALL COUNTS**

13.    On or about April 5, 2023, Plaintiff's wallet was stolen, which included medical insurance cards, two Capital One credit cards, her driver's license, and other forms of identification.

**ANSWER**:    In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

14.    After the theft, an unknown individual used Plaintiff's credit cards issued by Defendants Capital One Bank.

**ANSWER**:    In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

15.    The thief ran up unauthorized charges which resulted in a fraudulently inflated balance on Plaintiff's credit cards.

**ANSWER**:    In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

16.    The fraudulently inflated balance inaccurately reported Plaintiff's credit balance, her obligations on her credit cards, and inflated her credit utilization ratio.

**ANSWER**:    In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

17.    Defendant Capital One Bank began reporting an adverse account information, including a balance that was the product of identity theft and fraud, on Plaintiff's credit reports with Defendants Equifax, Experian, and Trans Union

**ANSWER:**    In response to paragraph 17 of the Complaint, Experian denies that it violated the FCRA. As to the remaining allegations in paragraph 17 of the Complaint, Experian is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

18.     This adverse reporting was not accurate because the account was a product of identity theft.

**ANSWER:**     In response to paragraph 18 of the Complaint, Experian denies that it violated the FCRA. As to the remaining allegations in paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

19.     Plaintiff Iesha Cole has not received any material benefit from the unauthorized charges.

**ANSWER**:     In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

20.     Plaintiff Iesha Cole reported fraud to law enforcement.

**ANSWER**:     In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

21.     Plaintiff made multiple disputes to Defendants Equifax, Experian, and Trans Union, indicating that the account with Capital One was the product of identity theft.

**ANSWER**:     In response to paragraph 21 of the Complaint, Experian admits that it received dispute correspondence from Plaintiff or someone purporting to act on Plaintiff's behalf, which speaks for itself, and Experian denies any allegations inconsistent therewith. As to the remaining allegations in paragraph 21 of the Complaint, Experian is without knowledge or information

6

sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

22.     Plaintiff included both a police report and an FTC Identity Theft Report in the disputes to Defendants Equifax, Experian, and Trans Union.

**ANSWER**:     In response to paragraph 22 of the Complaint, Experian admits that it received dispute correspondence from Plaintiff or someone purporting to act on Plaintiff's behalf, which speaks for itself, and Experian denies any allegations inconsistent therewith. As to the remaining allegations in paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein..

23.     Plaintiff disputed the inaccurate adverse credit reporting with Defendants Equifax, Experian, and Trans Union multiple times.

**ANSWER**:     In response to paragraph 23 of the Complaint, Experian admits that it received dispute correspondence from Plaintiff or someone purporting to act on Plaintiff's behalf, which speaks for itself, and Experian denies any allegations inconsistent therewith. As to the remaining allegations in paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

24.     Despite Plaintiff's disputes, Defendants Equifax, Experian, and Trans Union failed to properly investigate the disputes and delete or correct the inaccurate adverse information.

**ANSWER**:     In response to paragraph 24 of the Complaint, Experian denies that it violated the FCRA. As to the remaining allegations in paragraph 24 of the Complaint, Experian is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

25.    Upon information and belief, Defendants Equifax, Experian, and Trans Union contacted Capital One as part of the investigations that resulted in the credit reporting remaining on Plaintiff's credit reports.

**ANSWER**:    In response to paragraph 25 of the Complaint, Experian denies that it violated the FCRA. As to the remaining allegations in paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

26.    Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit reports and were misinformed by Defendants about Plaintiff's credit worthiness.

**ANSWER**:    In response to paragraph 26 of the Complaint, Experian denies that it violated the FCRA. As to the remaining allegations in paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

27.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**ANSWER**:    In response to paragraph 27 of the Complaint, Experian denies that it violated the FCRA. As to the remaining allegations in paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

28.    Defendants have intruded upon Plaintiff's right to seclusion and invaded Plaintiff's privacy by reporting false and derogatory information on Plaintiff's credit reports for accounts and/or loans that Plaintiff does not owe. This invasion forces Plaintiff to take efforts to correct their name.

**ANSWER**:    In response to paragraph 28 of the Complaint, Experian denies the allegations therein that relate to Experian. As to the remaining allegations in paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

## COUNT I
### Violations of the Fair Credit Reporting Act
### Defendants Equifax, Experian and Trans Union

29.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**:    Experian incorporates by reference its responses to the above paragraphs as though fully stated herein.

30.    Pertinent hereto, Equifax is regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

**ANSWER**:    In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

31.    Pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on

9

consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

**ANSWER**:    In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

32.    Pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

**ANSWER**:    In response to paragraph 32 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 32 of the Complaint.

33.    Pertinent hereto, the Plaintiff Iesha Cole is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

**ANSWER**:    In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

34.    Pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used

primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. §1681b.

**ANSWER**: In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

35. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax, Experian, and Trans Union are liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendants Equifax, Experian, and Trans Union of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

**ANSWER**: In response to paragraph 35 of the Complaint, Experian denies the allegations therein that relate to Experian. As to the remaining allegations in paragraph 35 of the Complaint that relate to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

36. In addition, Plaintiff disputed the inaccuracy to Defendants Equifax, Experian, and Trans Union.

**ANSWER**: In response to paragraph 36 of the Complaint, Experian admits that it received dispute correspondence from Plaintiff or someone purporting to act on Plaintiff's behalf, which speaks for itself, and Experian denies any allegations inconsistent therewith. As to the remaining allegations in paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

11

37. Upon information and belief, Defendants Equifax, Experian, and Trans Union reported to furnisher Capital One that Plaintiff disputed the false and inaccurate credit reporting.

**ANSWER**: In response to paragraph 37 of the Complaint, Experian denies that it violated the FCRA. As to the remaining allegations in paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

38. Despite Plaintiff's disputes, Defendants Equifax, Experian, and Trans Union failed to correct the inaccuracies and reverified to Plaintiff that the reporting was accurate.

**ANSWER**: In response to paragraph 38 of the Complaint, Experian denies that it violated the FCRA. As to the remaining allegations in paragraph 38 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

39. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax, Experian, and Trans Union are liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendants Equifax, Experian, and Trans Union of information under 15 U.S.C. §1681i wherein the Defendants failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

**ANSWER**: In response to paragraph 39 of the Complaint, Experian denies the allegations therein that relate to Experian. As to the remaining allegations in paragraph 39 of the Complaint that relate to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

40.     The conduct of Defendants Equifax, Experian, and Trans Union were a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff and Defendants Equifax, Experian, and Trans Union are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

**ANSWER**:     In response to paragraph 40 of the Complaint, Experian denies the allegations therein that relate to Experian. As to the remaining allegations in paragraph 40 of the Complaint that relate to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

In response to the paragraph beginning with WHEREFORE immediately underneath paragraph 40 of the Complaint, including all subparts, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

## COUNT II
### Violations of the Fair Credit Reporting Act
### Defendant Capital One

41.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**:     Experian incorporates by reference its responses to the above paragraphs as though fully stated herein.

42.     Upon information and belief, the Defendants Equifax, Experian, and Trans Union reported to the Defendant Capital One that Plaintiff disputed the charge-off, delinquency and false credit reporting.

**ANSWER**:    In response to paragraph 42 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

43.    Despite receipt of the disputes, Defendant Capital One failed to respond with truthful information, failed to acknowledge the disputes, and/or repeatedly reported false, and derogatory information to Defendants Equifax, Experian, and Trans Union, all in violation of the Act.

**ANSWER**:    In response to paragraph 43 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

44.    According to Defendants Equifax, Experian, and Trans Union's credit reports for Iesha Cole, the Defendant Capital One continued to falsely report about Plaintiff after the disputes.

**ANSWER**:    In response to paragraph 44 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

45.    Defendant Capital One has likewise willfully or negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

**ANSWER**:    In response to paragraph 45 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

14

46.     Rather, Defendant Capital One continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about Plaintiff, as described more above.

**ANSWER**:     In response to paragraph 46 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

47.     Plaintiff is informed and thereon believes that Defendant Capital One failed to investigate or reinvestigate regarding consumer credit data it reported and repeatedly re-reported about Plaintiff.

**ANSWER**:     In response to paragraph 47 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

48.     Plaintiff is informed and thereon believes that Defendant Capital One failed to review all relevant information provided to it by Defendants Equifax, Experian, and Trans Union.

**ANSWER**:     In response to paragraph 48 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

49.     Defendant Capital One, furnisher-subscriber (creditor and collector) failed to acknowledge and respond with truthful information in response to Plaintiff's disputes and to advise the Defendants Equifax, Experian, and Trans Union of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiff.

**ANSWER**:   In response to paragraph 49 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

50.   The conduct of Defendant Capital One was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages, and harm to the Plaintiff and Defendants are liable to the Plaintiff for statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

**ANSWER**:   In response to paragraph 50 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

In response to the paragraph beginning with WHEREFORE immediately underneath paragraph 50 of the Complaint, including all subparts, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

## COUNT III
### Violations of R.S.Mo. 570.223
### Defendant Capital One, N.A.

51.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**:   Experian incorporates by reference its responses to the above paragraphs as though fully stated herein.

52.   R.S.Mo. §570.223 provides that "a person commits the offense of identity theft if he or she knowingly and with the intent to deceive or defraud obtains, possesses, transfers, uses,

16

or attempts to obtain, transfer or use, one or more means of identification not lawfully issued for his or her use."

**ANSWER**:    In response to paragraph 52 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

53.    R.S.Mo. §570.223.6 allows for civil actions to be brought within five years from the date on which the identity of the wrongdoer was discovered or reasonably should have been discovered.

**ANSWER**:    In response to paragraph 53 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

54.    R.S.Mo. §570.223.4 states that in addition to the criminal penalties in subsections 2 and 3 of this section, any person who commits an act made unlawful by subsection 1 of this section shall be liable to the person to whom the identifying information belonged for civil damages of up to five thousand dollars for each incident, or three times the amount of actual damages, whichever amount is greater.

**ANSWER**:    In response to paragraph 54 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

55.    Because Defendant Capital One N.A. is passing on a demand for Plaintiff to pay thousands of dollars that it was tricked into loaning an identity thief, reporting that amount due on

Plaintiff's credit reports, and retaining a third-party debt collector to coerce Plaintiff into paying a fraudulent debt, Plaintiff is damaged.

**ANSWER**:   In response to paragraph 55 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

56.   R.S.Mo. §570.223.4 further provides that a person damaged as set forth in subsection 1 of this section may also institute a civil action to enjoin and restrain future acts that would constitute a violation of subsection 1 of this section.

**ANSWER**:   In response to paragraph 56 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

57.   R.S.Mo. §570.223.4 also provides that in an action brought under this subsection, the Court may award reasonable attorneys' fees to the plaintiff.

**ANSWER**:   In response to paragraph 57 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

58.   Defendant Capital One N.A. is in possession of Plaintiff's personal identifiers and used such identifiers to issue a loan in Plaintiff's name to an identity thief and thereafter is holding Plaintiff responsible for the fraudulently obtained account.

**ANSWER**:   In response to paragraph 58 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

59.     Defendant Capital One N.A. is attempting to collect thousands of dollars from Plaintiff after being informed that Defendant Capital One N.A. is in possession of Plaintiff's personal identifiers that were not lawfully issued by Plaintiff.

**ANSWER**:     In response to paragraph 59 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

60.     Defendant Capital One N.A. is attempting to collect thousands of dollars from Plaintiff after being informed that Defendant Capital One N.A. is in possession of Plaintiff's personal identifiers that were not lawfully issued by Plaintiff.

**ANSWER:**     In response to paragraph 60 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

61.     Defendant Capital One N.A.'s behavior does not fall within any of the exceptions of R.S.Mo. §570.223.8, specifically (2) A person obtains means of identification or information in the course of a bona fide consumer or commercial transaction or (3) A person exercises, in good faith, a security interest or right of offset by a creditor or financial institution, because Defendant Capital One N.A. is aware of the fraud and aiding in it by demanding payment and attempting to enforce the fraudulent account.

**ANSWER:**     In response to paragraph 61 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

62.    Defendant Capital One N.A. is therefore liable to Plaintiff for three times the amount of Plaintiff's actual damages, plus reasonable attorneys' fees.

**ANSWER:**    In response to paragraph 62 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

63.    Defendant Capital One N.A. should be enjoined and restrained from future collection attempts, including, but not limited to reporting the amount as due and delinquent to credit reporting agencies.

**ANSWER:**    In response to paragraph 63 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

In response to the paragraph beginning with WHEREFORE immediately underneath paragraph 63 of the Complaint, including all subparts, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Experian denies any remaining allegations contained in the Complaint.

## JURY TRIAL DEMANDED

Experian admits that Plaintiff has demanded a trial by Jury on all issues so triable.

## EXPERIAN'S AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian asserts the following defenses without conceding that it bears the burden of persuasion as to any of them.  Moreover, Experian

asserts that the defenses raised below do not relieve Plaintiff of his burden to prove every element of his claims and the damages, if any, to which he is entitled.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate his damages.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff cannot recover any damages that he may have suffered, which Experian continues to deny, to the extent that they were the direct and proximate result of the conduct of Plaintiff. Under such circumstances, Plaintiff would be estopped and barred from recovery of any damages from Experian.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each claim for relief therein that seeks equitable relief fails to the extent that it violates the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Experian is informed and believes, and on that basis alleges, that the claims for relief in the Complaint are barred by the applicable statutes of limitations, including but not limited to 15 U.S.C. § 1681p.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

The claim for relief set forth in the Complaint is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Independent Intervening Cause)

Experian is informed and believes, and on that basis alleges, that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE
### (One Satisfaction Rule)

In the event that Plaintiff has received or does receive monetary compensation or recovery of any kind in satisfaction of his claims against any person or entity other than Experian for the injuries alleged in the Complaint, any relief awarded from Experian for the same alleged injuries, which Experian continues to deny, must be offset by such amounts.

## EIGHTH AFFIRMATIVE DEFENSE
### (Arbitration)

Plaintiff's claims are barred to the extent they are subject to a valid and binding arbitration agreement. Experian specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff fails to set forth facts sufficient to entitle Plaintiff to relief or to state a claim upon which relief may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Contributory and Comparative Fault)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were, at least in part, caused by the actions of Plaintiff himself or third parties and resulted from Plaintiff's or the third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## TWELFTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claim for punitive damages fails to state a claim for relief for punitive damages. Further, Plaintiff does not allege facts sufficient to rise to the level of conduct required to recover punitive damages.

## RESERVATION OF RIGHTS

Experian hereby reserves the right to amend its Answer and Affirmative Defenses, and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the FCRA, and any other defenses that may now exist or in the future be available based on discovery or further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1) That Plaintiff takes nothing by virtue of the Complaint and that this action be dismissed in its entirety;

2) That the Court award Experian its costs of suit and attorneys' fees incurred; and

3) That the Court grant Experian such other and further relief as the Court may deem just and proper.

Dated: June 4, 2026

23

Respectfully submitted,

**JAMES SOBBA, LLC**

*/s/  G. Edgar James*
G. EDGAR JAMES    MO #49585
4435 Main Street, Suite 910
Kansas City, Missouri 64111
Telephone: (816) 623-0544
ejames@jamessobba.com

*Attorney for Defendant Experian*
*Information Solutions, Inc.*


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 4 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/   G. Edgar James*
Attorney for Defendant Experian Information Solutions, Inc.

24