UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IESHA COLE,<br><br>      Plaintiff,<br><br>   v.<br><br>CAPITAL ONE, N.A., EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,<br><br>      Defendants. | Case No. 4:26-cv-00578-JMD |

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

### INTRODUCTION

**COMPLAINT ¶1:**

This is an action for damages brought by an individual consumer against the Defendants Capital One, N.A., Equifax Information Services LLC, Experian Information Solutions, Inc., and

326288320v.1

Trans Union, LLC for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq.*

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶2:**

Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Venue lies properly in this district under 28 U.S.C. §1391(b).

**ANSWER:**

Equifax admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

**COMPLAINT ¶4:**

Plaintiff is a citizen of the State of Missouri.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶5:**

Defendant Capital One is a National Bank.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

Defendant Capital One was and is engaged in the business of extending consumer credit cards and reporting consumer credit information, within the State of Missouri.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶7:**

Defendant Equifax Information Systems LLC ("Equifax") is a Georgia Limited Liability Company.

**ANSWER:**

Equifax admits the allegations in this paragraph.

**COMPLAINT ¶8:**

Defendant Equifax was and is engaged in the business of credit reporting, within the State of Missouri.

**ANSWER:**

Equifax admits that, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties.  Equifax also admits that it is registered to do business in the State of Missouri. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶9:**

Defendant Trans Union LLC ("Trans Union") is an Illinois corporation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

3

326288320v.1

**COMPLAINT ¶10:**

Defendant Trans Union was and is engaged in the business of credit reporting, within the State of Missouri.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

Defendant Experian Information Solutions Inc. ("Experian") is a Delaware corporation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

Defendant Experian was and is engaged in the business of credit reporting, within the State of Missouri.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**FACTS COMMON TO ALL COUNTS**

**COMPLAINT ¶13:**

On or about April 5, 2023, Plaintiff's wallet was stolen, which included medical insurance cards, two Capital One credit cards, her driver's license, and other forms of identification.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

326288320v.1

**COMPLAINT ¶14:**

After the theft, an unknown individual used Plaintiff's credit cards issued by Defendants Capital One Bank.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

The thief ran up unauthorized charges which resulted in a fraudulently inflated balance on Plaintiff's credit cards.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

The fraudulently inflated balance inaccurately reported Plaintiff's credit balance, her obligations on her credit cards, and inflated her credit utilization ratio.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

Defendant Capital One Bank began reporting an adverse account information, including a balance that was the product of identity theft and fraud, on Plaintiff's credit reports with Defendants Equifax, Experian, and Trans Union

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

This adverse reporting was not accurate because the account was a product of identity theft.

326288320v.1

**<u>ANSWER:</u>**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**<u>COMPLAINT ¶19:</u>**

Plaintiff Iesha Cole has not received any material benefit from the unauthorized charges.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**<u>COMPLAINT ¶20:</u>**

Plaintiff Iesha Cole reported fraud to law enforcement.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**<u>COMPLAINT ¶21:</u>**

Plaintiff made multiple disputes to Defendants Equifax, Experian, and Trans Union, indicating that the account with Capital One was the product of identity theft.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**<u>COMPLAINT ¶22:</u>**

Plaintiff included both a police report and an FTC Identity Theft Report in the disputes to Defendants Equifax, Experian, and Trans Union.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶23:**

Plaintiff disputed the inaccurate adverse credit reporting with Defendants Equifax, Experian, and Trans Union multiple times.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

Despite Plaintiff's disputes, Defendants Equifax, Experian, and Trans Union failed to properly investigate the disputes and delete or correct the inaccurate adverse information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶25:**

Upon information and belief, Defendants Equifax, Experian, and Trans Union contacted Capital One as part of the investigations that resulted in the credit reporting remaining on Plaintiff's credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit reports and were misinformed by Defendants about Plaintiff's credit worthiness.

7

326288320v.1

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶28:**

Defendants have intruded upon Plaintiff's right to seclusion and invaded Plaintiff's privacy by reporting false and derogatory information on Plaintiff's credit reports for accounts and/or loans that Plaintiff does not owe. This invasion forces Plaintiff to take efforts to correct their name.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT I**
**Violations of the Fair Credit Reporting Act**
**Defendants Equifax, Experian, and Trans Union**

Comes now Plaintiff and for Count I against Defendants Equifax, Experian, and Trans Union and alleges to the Court:

**COMPLAINT ¶29:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶30:**

Pertinent hereto, Equifax is regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

**ANSWER:**

Equifax admits that, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶31:**

Pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

Pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

Pertinent hereto, the Plaintiff Iesha Cole is a ''consumer' as that term is defined by 15 U.S.C. §1681a(c).

9

326288320v.1

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶34:**

Pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. §1681b.

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶35:**

Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax, Experian, and Trans Union are liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendants Equifax, Experian, and Trans Union of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports,

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶36:**

In addition, Plaintiff disputed the inaccuracy to Defendants Equifax, Experian, and Trans Union.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

10

**COMPLAINT ¶37:**

Upon information and belief, Defendants Equifax, Experian, and Trans Union reported to furnisher Capital One that Plaintiff disputed the false and inaccurate credit reporting.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

Despite Plaintiff's disputes, Defendants Equifax, Experian, and Trans Union failed to correct the inaccuracies and reverified to Plaintiff that the reporting was accurate.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶39:**

Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax, Experian, and Trans Union are liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendants Equifax, Experian, and Trans Union of information under 15 U.S.C. §1681i wherein the Defendants failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶40:**

The conduct of Defendants Equifax, Experian, and Trans Union were a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff and Defendants Equifax, Experian, and Trans Union are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

326288320v.1

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants Equifax, Experian, and Trans Union based on the following requested relief:

    a.      Actual damages;

    b.      Statutory damages;

    c.      Punitive damages;

    d.      Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

    e.      Such other and further relief as may be necessary, just, and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**COUNT II**
**Violations of the Fair Credit Reporting Act**
**Defendant Capital One**

Comes now Plaintiff and for Count II against Defendant Capital One and states and alleges to the Court:

**COMPLAINT ¶41:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶42:**

Upon information and belief, the Defendants Equifax, Experian, and Trans Union reported to the Defendant Capital One that Plaintiff disputed the charge-off, delinquency and false credit reporting.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

12

326288320v.1

**COMPLAINT ¶43:**

Despite receipt of the disputes, Defendant Capital One failed to respond with truthful information, failed to acknowledge the disputes, and/or repeatedly reported false, and derogatory information to Defendants Equifax, Experian, and Trans Union, all in violation of the Act.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information

sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis,

denies the allegations contained therein.

**COMPLAINT ¶44:**

According to Defendants Equifax, Experian, and Trans Union's credit reports for Iesha Cole, the Defendant Capital One continued to falsely report about Plaintiff after the disputes.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information

sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis,

denies the allegations contained therein.

**COMPLAINT ¶45:**

Defendant Capital One has likewise willfully or negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

Rather, Defendant Capital One continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about Plaintiff, as described more above.

326288320v.1

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶47:**

Plaintiff is informed and thereon believes that Defendant Capital One failed to investigate or reinvestigate regarding consumer credit data it reported and repeatedly re-reported about Plaintiff

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶48:**

Plaintiff is informed and thereon believes that Defendant Capital One failed to review all relevant information provided to it by Defendants Equifax, Experian, and Trans Union.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶49:**

Defendant Capital One, furnisher-subscriber (creditor and collector) failed to acknowledge and respond with truthful information in response to Plaintiff's disputes and to advise the Defendants Equifax, Experian, and Trans Union of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶50:**

The conduct of Defendant Capital One was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages, and harm to the Plaintiff and

14

Defendants are liable to the Plaintiff for statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant Capital One for the following requested relief:

a.        Actual damages;

b.        Statutory damages;

c.        Punitive damages;

d.        Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e.        Such other and further relief as may be necessary, just, and proper.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT III**
**Violations of R.S.Mo. §570.223**
**Defendant Capital One, N.A.**

COMES NOW Plaintiff and for Count III against Defendant Capital One, N.A. and states and alleges to the Court:

**COMPLAINT ¶51:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

15

326288320v.1

**COMPLAINT ¶52:**

R.S.Mo. §570.223 provides that "a person commits the offense of identity theft if he or she knowingly and with the intent to deceive or defraud obtains, possesses, transfers, uses, or attempts to obtain, transfer or use, one or more means of identification not lawfully issued for his or her use."

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶53:**

R.S.Mo. §570.223.6 allows for civil actions to be brought within five years from the date on which the identity of the wrongdoer was discovered or reasonably should have been discovered.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶54:**

R.S.Mo. §570.223.4 states that in addition to the criminal penalties in subsections 2 and 3 of this section, any person who commits an act made unlawful by subsection 1 of this section shall be liable to the person to whom the identifying information belonged for civil damages of up to five thousand dollars for each incident, or three times the amount of actual damages, whichever amount is greater.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

16

misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶55:**

Because Defendant Capital One N.A. is passing on a demand for Plaintiff to pay thousands of dollars that it was tricked into loaning an identity thief, reporting that amount due on Plaintiff's credit reports, and retaining a third-party debt collector to coerce Plaintiff into paying a fraudulent debt, Plaintiff is damaged.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶56:**

R.S.Mo. §570.223.4 further provides that a person damaged as set forth in subsection 1 of this section may also institute a civil action to enjoin and restrain future acts that would constitute a violation of subsection 1 of this section.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶57:**

R.S.Mo. §570.223.4 also provides that in an action brought under this subsection, the Court may award reasonable attorneys' fees to the plaintiff.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

17

326288320v.1

**COMPLAINT ¶58:**

Defendant Capital One N.A. is in possession of Plaintiff's personal identifiers and used such identifiers to issue a loan in Plaintiff's name to an identity thief and thereafter is holding Plaintiff responsible for the fraudulently obtained account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶59:**

Defendant Capital One N.A. is attempting to collect thousands of dollars from Plaintiff after being informed that Defendant Capital One N.A. is in possession of Plaintiff's personal identifiers that were not lawfully issued by Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶60:**

Therefore, Defendant Capital One N.A. is knowingly using Plaintiff's unlawfully obtained personal identifiers to attempt to collect the balance of the fraudulent loan from Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶61:**

Defendant Capital One N.A.'s behavior does not fall within any of the exceptions of R.S.Mo. §570.223.8, specifically (2) A person obtains means of identification or information in the course of a bona fide consumer or commercial transaction or (3) A person exercises, in good faith, a security interest or right of offset by a creditor or financial institution, because Defendant Capital One N.A. is aware of the fraud and aiding in it by demanding payment and attempting to enforce the fraudulent account.

18

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶62:**

Defendant Capital One N.A. is therefore liable to Plaintiff for three times the amount of Plaintiff's actual damages, plus reasonable attorneys' fees.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶63:**

Defendant Capital One N.A. should be enjoined and restrained from future collection attempts, including, but not limited to reporting the amount as due and delinquent to credit reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant Capital One N.A. for the following requested relief:

a. Actual damages;

b. Statutory damages pursuant to §507.223.4 R.S.Mo.;

c. Injunctive relief;

d. Costs and reasonable attorney's fees incurred by Plaintiff in clearing the credit history or credit rating pursuant to §507.223.3(1) R.S.Mo. and,

e. Such other and further relief as may be necessary, just, and proper.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

326288320v.1

## JURY TRIAL DEMAND

Plaintiff demands a trial by Jury on all issues so triable.

## ANSWER:

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it.  Equifax is neither incorporated nor headquartered in Missouri, and the conduct giving rise to Plaintiff's claim occurred outside of Missouri and was not targeted at Missouri.

## SECOND DEFENSE

At all relevant times herein, Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of her failure to mitigate alleged losses.

## THIRD DEFENSE

Subject to proof through discovery, Plaintiff's causes of action are barred, in whole or in part, by the statute of limitations.

326288320v.1

**FOURTH DEFENSE**

Plaintiff's allegations against Equifax fail to state a claim upon which relief can be granted because her alleged fraud claim is not objectively and readily verifiable under the FCRA.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED:  June 4, 2026                                    Respectfully submitted,

POLSINELLI PC


By:  */s/ Britton St. Onge*
          Britton St. Onge (#62256MO)
          bstonge@polsinelli.com
          7676 Forsyth Boulevard, Suite 800
          St. Louis, Missouri 63105
          Telephone:  (314) 889-8000
          Facsimile:  (314) 231-1776

          *Counsel for Defendant*
          *Equifax Information Services LLC*

21

326288320v.1